UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN POLOVINO *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 15-CV-023-JHP-PJC |
| | ) |
| INTERNATIONAL BROTHERHOOD | ) |
| OF ELECTRICAL WORKERS, AFL- | ) |
| CIO, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**OPINION AND ORDER**

This matter is before the Court on the motion of defendant International Brotherhood of Electrical Workers, AFL-CIO ("IBEW"), for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt No. 12) As set forth below, the plaintiffs' complaint fails to give the IBEW fair notice. *Nascious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Because the complaint fails to meet fundamental pleading requirements, the IBEW's motion is granted and the complaint is hereby dismissed with prejudice.

**DISCUSSION**

The plaintiffs filed their complaint against defendants IBEW and IBEW International President Edwin D. Hill on January 14, 2015. The IBEW was served on May 13, 2015, and Edwin D. Hill was served on May 16, 2015.[1]

Initially, the Court notes that excluding the caption page, the complaint is only two and a half pages long and does not include a section setting forth either

---
[1] Defendant Edwin D. Hill filed a separate Motion to Dismiss.

counts or causes of action. It is comprised of four sections: the Introductory Statement, Jurisdiction and Venue, Parties, and Class Action.

The Introductory Statement provides a cursory and disjointed narrative of the alleged wrongful conduct. In generalized terms, Plaintiffs allege the IBEW "directed" Local Union No. 584 "to engage in collusion with unionized employers" that are involved in the construction of "a large commercial facility for Google." (Complaint ("Compl.") at 2.)[2] The complaint, however, fails to identify the name and location of the facility, the nature of the alleged collusion, and the dates on which said collusion occurred. The complaint further states that because Local Union No. 584 refused to engage in collusion:

> [T]he International office of the IBEW, in the person of Edward [sic] Hill, traveled to Tulsa and summarily discharged all of Local 584's administrative staff. Hill and the IBEW's conduct of engaging in practices that the IBEW knew violated federal labor laws [sic]. Such practices include:
>
> 1. The IO [IBEW International Office] decision to remove all employees of Local 584 in the process of terminating electricians such as the plaintiffs without notice, cause, or reason;
>
> 2. The IO's authorization of [unionized employers] to create and implement a Black List based on self-serving premises that destroyed Plaintiffs' marketability, de-stabilized their finances and substantially harmed their careers; and
>
> 3. Created and publicized, nation-wide, the Black List which harmed Plaintiffs' ability and/or opportunity for any employment in any market in the United States and elsewhere in the world.

(Compl. at 2-3.)

---

[2] This order will cite to the page numbers of the complaint where Plaintiffs have failed to provide numbered paragraphs.

The Introductory Statement concludes by stating that the "IBEW's conduct violates federal and state labor laws, including Section 101(a)(1) of the Labor-Management Relations Act, the Labor Management Relations Act, 29 § 141 et seq., as well as purposely avoided its duty of fair representation for Plaintiffs." (Compl. at 3.) The complaint does not identify which state labor laws the IBEW allegedly violated. Moreover, the only federal statute cited by Plaintiffs in this section – "Section 101(a)(1) . . . 29 [U.S.C.] § 141 et seq." – does not exist. Plaintiffs' citation to 29 U.S.C. § 141 *et seq.*, presumably is to the Labor-Management Relations Act of 1947. That Act, however, does not contain a "Section 101(a)(1)." And nothing more is alleged in regard to the "duty of representation for Plaintiffs" other than the single, passing reference quoted above. (Compl. at 3.)

The other sections of the complaint are even less specific when trying to discern what legal claims the plaintiffs assert. For example, paragraph 1.1 of the Jurisdiction and Venue section states simply – without any elaboration – that the Court has jurisdiction pursuant to "[1] 28 U.S.C. § 1343(3) and (4), [2] 28 U.S. [sic] § 1341 and [3] 28 U.S.C. § 1331, [4] 42 U.S.C. § 1981 et seq., and [5] 29 U.S.C. 626 (b)."

Presumably, with respect to their first alleged basis for jurisdiction, the plaintiffs intended to cite 28 U.S.C. § 1343(a)(3) and (4). Those statutory provisions confer jurisdiction upon federal district courts over cases concerning the deprivation of civil rights under color of state law, including the right to vote. The few facts Plaintiffs allege in the Introductory Statement, however, say nothing of civil rights deprivations, nor do Plaintiffs allege that defendant IBEW was acting under "color

3

of state law." The second statute cited, 28 U.S.C. § 1341, prohibits district courts from enjoining the "assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Plaintiffs' citation to that provision is unclear as well.

The third jurisdictional statute cited, 28 U.S.C. § 1331, confers upon federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." As stated above, however, Plaintiffs have failed to identify which federal laws they believe the IBEW has violated. The fourth statute invoked, 42 U.S.C. § 1981, confers upon federal district courts jurisdiction over cases concerning certain forms of racial discrimination by employers. The complaint has made no allegations of racial discrimination. The fifth provision cited, 29 U.S.C. § 626(b), is the remedial provision of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. The complaint contains no allegations of age discrimination.

Paragraph 1.2 of the Jurisdiction and Venue section simply states that, pursuant to 28 U.S.C. § 1367, the "Court has supplemental jurisdiction over the state law claims." The complaint, however, does not identify any state law claims.

Paragraph 3.1 of the Class Action section requests class certification for electricians whose names allegedly appear on black lists "managed by unionized contractors" and "endorsed and performed by the IBEW and Edwin Hill." (Compl. ¶ 3.1.) Subsection a. provides that class certification is warranted because the questions of law and fact common to the class are that "the IBEW violated the LARA, the LMRDA, did not fairly represent plaintiffs, or observe Oklahoma labor

4

and employment laws." (Compl. ¶ 3.1 a.) The Plaintiffs do not explain what "LARA" is and, as with the Introductory Statement, Plaintiffs once again fail to specify which sections of the LMRDA and state labor and employment laws the IBEW has allegedly violated.

Finally, subsection d. of the class action section states that "Plaintiff's [sic] claims stand on the evaluation that Defendants have violated _____." (Compl. ¶ 3.1 d.) This incomplete sentence captures the complaint's fatal flaw – its complete failure to identify what laws Plaintiffs believe the IBEW has violated.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (a pleading "must be specific enough to give the defendants notice of the theory under which their claim is made"). A motion to dismiss under Rule 12(b)(6) for failure to state a claim is the proper method for challenging the sufficiency of a pleading under Rule 8(a)(2). *See Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Nasious*, 492 F.3d at 1161 ("a failure to satisfy Rule 8 can supply a basis for dismissal"); *Barr v. W. Bath Dist. Ct.*, 674 F. Supp. 2d 304, 305 (D. Me 2009) (a defendant may base a 12(b)(6) motion as a challenge to the sufficiency of the pleading under Rule 8(a)(2)).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a plaintiff's Rule 8 "obligation to provide the 'grounds' of his

5

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In the instant case, the complaint provides a few factual allegations, but does not articulate any legal grounds for relief. That is, the plaintiffs fail to specify what laws they believe the IBEW has violated, or otherwise articulate any claim for relief.

"The purpose of a modern complaint is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kansas City, Inc., v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)); *see also Thomas v. State of Rhode Island*, 542 F.3d 944, 949 (1st Cir. 2008) (defendants have an "inalienable right to know in advance the nature of the cause of action being asserted against him.").

The Tenth Circuit set forth the basic requirements of Rule 8 in *Nasious*, 492 F.3d at 1163. In that case, the court affirmed the district court's dismissal of a complaint filed by a *pro se* prisoner, but reversed the dismissal with prejudice because the court did not provide the *pro se* litigant with proper notice of what is required by Rule 8. The Tenth Circuit stated that proper notice of Rule 8's basic requirements would advise that:

> [T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the

6

> plaintiff believes the defendant violated. After all, these are, very basically put, the elements that enable the legal system to get weaving – permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

*Id.*

Thus, at a bare minimum, in addition to sufficient factual allegations, including setting forth when any alleged harm occurred, a complaint must specify the legal basis for any claim. A complaint falls short of Rule 8's notice requirement when it fails to list or clearly articulate any causes of action. *Mann v. Boatright*, 477 F.3d 1140, 1147-48 (10th Cir. 2007) (a complaint that does not clearly set forth plaintiff's claims gives the court "sufficient reason to dismiss the complaint").

In *Mann*, the Tenth Circuit affirmed the district court's decision to dismiss the plaintiff's complaint because nearly all the claims were barred by the Rooker-Feldman doctrine, which prohibits federal district courts from reviewing state court judgments. The Tenth Circuit, however, recognized that the lengthy complaint contained some "vague" allegations "that arguably could give rise to" independent claims beyond the doctrine's reach, including state law claims for defamation and conversion. *Id*. at 1147. Nevertheless, it was unable to find a short and plain statement of those independent claims. *Id*. at 1148. "This alone would have been sufficient reason to dismiss the complaint." *Id*. The Tenth Circuit emphasized that "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Id*. The Court of Appeals also took a dim view of the fact that the *pro se* plaintiff, who was a licensed attorney, "eschewed the traditional pleading style characterized by a

7

short recitation of the facts followed by claims for relief." *Id.*[3] In affirming the district court's dismissal of the entire complaint, the Tenth Circuit explained that it is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading[,] . . . [and] we are loath to reverse a district court for refusing to do the litigant's job.'" *Id.* at 1148.

Similarly, in *Thomas v. State of Rhode Island*, 542 F.3d 944, 949 (1st Cir. 2008), the First Circuit affirmed the dismissal of a complaint because the allegations that police officers acted "without lawful authority" when they arrested plaintiffs on tribal lands, were "insufficient to apprise defendants that the [plaintiffs] were asserting a more particular [Fourth Amendment] claim that there was a lack of probable cause for the arrests." The court emphasized that,

> [C]ourts 'must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him,' because such notice is '[a] fundamental purpose of pleadings under the Federal Rules of Civil Procedure.' *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1171 (1st Cir.1995). Here, the generality of the complaint's language did not afford defendants such notice with respect to the probable cause claim.

*Id.* at 949.

In this case, Plaintiffs fail to provide notice to the IBEW of their legal claims as required by Rule 8. The two and a half page complaint fails to list a single cause of action or claim against the IBEW. The Introductory Statement section of the complaint makes general references to violations of "federal and state labor laws" and cites to only one (nonexistent) section of the Labor-Management Relations Act (Compl. at 3). *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371

---

[3] In this case, the plaintiffs are represented by counsel.

8

(10th Cir. 1989) (refusing to do plaintiff's work of "connect[ing] assertions with elements of all sections of the RICO law"and holding that the district court is not "obligated to construct a cause of action from allegations in a complaint filed by a party who was unwilling or unable to plead the cause of action himself").

Also, the federal statutes the plaintiffs cite in the Jurisdiction and Venue section (Compl. ¶¶ 1.1, 1.2) as the basis for this Court's jurisdiction, are not applicable. Moreover, "[s]imply invoking [a law] in the jurisdictional section of the complaint [is] insufficient to give [defendants] notice of [a plaintiff's] claim and the ground upon which it rest[s]." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806-07 (8th Cir. 2008). "[T]he fair notice component of a complaint is not satisfied merely by citing the statute's jurisdictional provision within the complaint's jurisdictional section." *Id.* at 807.

Finally, the complaint fails completely to state *when* the alleged wrongful acts occurred. An allegation of when the defendant allegedly harmed the plaintiff is a basic requirement of Rule 8. *Nasious*, 492 F.3d at 1163.

Plaintiffs attempt to bolster their complaint by attaching certain emails to their response to the IBEW's Motion in an "appendix." Plaintiffs assert that the emails "make clear the 'grounds' of the case." (Pls. Response at 4) The emails, however, shed no light on Plaintiffs' alleged claims. Instead, they only add to the incomprehensible manner in which Plaintiffs have brought this case. For example, Plaintiffs attach correspondence between bustedassranch@hotmail.com and amarillojohn@msn.com that refers to a list of "reasons people were actually terminated" and "other stuff which CANNOT be seen by anyone." (Pls. Response,

9

Appendix) Another email purports to be from a contractor to Local 584, and attaches a list of individuals who are not allowed on a job site. (*Id.*) Plaintiffs do not explain the relevance of that email, nor how it relates to their complaint against the IBEW. The emails Plaintiffs cite do not save Plaintiffs' deficient complaint.

## CONCLUSION

The IBEW's Motion to Dismiss (Dkt No. 12) is granted.

**IT IS SO ORDERED this 7th day of August, 2015**.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma